944 F.2d 911
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 DILLON SECURITIES, INC., a Washington state corporation,
Plaintiff-Appellant,
v.
Frank J. BARTOLINI, and Cheryl Bartolini, Defendants-Appellees.
 No. 88-1810.
 United States Court of Appeals,
Tenth Circuit.
 Sept. 18, 1991.
 
 Before HOLLOWAY, Chief Judge, and SETH and BARRETT, Circuit Judges.
 ORDER AND JUDGMENT*
 BARRETT, Circuit Judge.
 
 
 1
 After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); Tenth Cir.R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Dillon Securities, Inc. (Dillon), a Washington corporation, appeals from an Order granting the defendants' Motion for Summary Judgment and dismissing Dillon's complaint with prejudice.
 
 
 3
 Dillon filed this 10b-5 securities fraud action as a securities broker-dealer against its customer, the defendants Frank J. Bartolini and Cheryl Bartolini (Bartolinis) for the value of shares of American Technology Corporation ordered by the Bartolinis via a toll-free telephone from their residence in California to Dillon's Salt Lake City, Utah, branch office. The Bartolinis subsequently refused to make payment and this suit followed.
 
 
 4
 The case was referred to United States Magistrate Calvin Gould after the parties moved for summary judgment. The magistrate heard oral arguments and on February 18, 1988, entered his Report and Recommendation, a copy of which is attached hereto, wherein the magistrate recommended that the Bartolinis be awarded summary judgment. Thereafter, the district court on April 18, 1988, adopted the recommendations of the magistrate, granted summary judgment to the Bartolinis and dismissed Dillon's complaint with prejudice. A copy of the district court's order of April 18, 1988, is attached hereto.
 
 
 5
 On appeal, Dillon contends that (1) California law does not exclusively apply to the transaction because the "offer," "sale" and/or "acceptance" did not occur there; (2) even if California Blue Sky law applies, the district court erred in not applying Utah law to the transaction, which had it done so, would have required as a matter of law that summary judgment be granted to Dillon; (3) if California law does apply and Utah law does not apply to the transaction, the district court erred in not ruling as a matter of law that the transaction was "unsolicited" and therefore that Dillon was entitled to summary judgment against the Bartolinis; (4) alternatively, if only California law applies to the transaction and it was not "unsolicited" as a matter of law, there are sufficient issues of fact as to "solicitation" requiring reversal of the district court; (5) regardless of whether Dillon had an exemption from registration, the district court erred in excusing the Bartolinis' fraud and exempting them from state and federal anti-fraud provisions, including Dillon's common law and equitable defenses of estoppel, "unclean hands," in pari delicto, and bad faith; (6) the district court erred and Dillon is entitled to summary judgment based on the Bartolinis' abject failure to comply with U.C.C. § 8-319, Statute of Frauds, Investment Securities; (7) the district court erred in adopting the Magistrate's Report and Recommendation; and (8) it is against public policy to reward Bartolini for his "Heads I Win, Tails You Lose" scheme to defraud broker-dealer Dillon.
 
 
 6
 Dillon argues, supra issue (4), for the first time, that the determination of whether there was a "solicitation" is an issue of fact precluding the grant of summary judgment. We shall not consider an issue raised for the first time on appeal unless it addresses a matter of plain error. K-B Trucking Co. v. Riss Intern. Corp., 761 F.2d 1148 (10th Cir.1985). This contention does not meet that test. The material facts relative to the solicitation of the Bartolinis are not in dispute.
 
 
 7
 In reviewing a grant of summary judgment, we must examine the record to determine whether any genuine issue of material fact remains, and, if not, whether the substantive law was correctly applied by the district court. Dayton Hudson Corp. v. Macerich Real Estate Co., 812 F.2d 1319 (10th Cir.1987). Ruling on a motion for summary judgment involves purely legal determinations by the district court and our review is de novo. Missouri Pacific Railroad Co. v. Kansas Gas & Electric Co., 862 F.2d 796 (10th Cir.1988). In this case, it is clear that there are no genuine issues of material fact and that the district court properly applied the relevant substantive law. Celotex Corp. v. Catreit, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).
 
 
 8
 We affirm substantially for the reasons set forth in the Magistrate's Report and Recommendation of February 18, 1988 and the district Court's Order of April 18, 1988.
 
 
 9
 AFFIRMED. The mandate shall issue forthwith.
 
 
 10
 Judge Holloway may file a separate opinion.
 
 ATTACHMENT
 EXHIBIT A
 
 11
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 12
 Dillon Securities, Inc., a Washington State corporation, Plaintiff,
 
 
 13
 v.
 
 
 14
 Frank J. and Cheryl Bartolini, Defendants.
 
 REPORT & RECOMMENDATION
 Civil No. 86C-1097S
 Feb. 18, 1988
 
 15
 This matter is before the court on cross motions for summary judgment. The magistrate heard argument on the motions on January 26, 1987. John Michael Coombs represented the plaintiff; J. Michael Hansen and Charles P. Sampson represented the defendants.
 
 Factual Background
 
 16
 The defendants Bartolini are California residents who watched a television program about a Utah corporation, ATC. At the end of the program, a toll-free number for more information was broadcast. Mr. Bartolini dialed the number, which turned out to be the number of the plaintiff stock broker's Utah office. The details of their discussion are disputed, but Bartolini admits that he agreed to purchase ATC stock. Later, he changed his mind and failed to wire money for the stock but ordered more ATC stock from another broker.
 
 
 17
 The plaintiff allegedly resold the stock at a loss of $8,100. Its claims are based on federal and state securities law, breach of contract, promissory estoppel and common law fraud.
 
 Discussion
 
 18
 The parties' first dispute is whether California or Utah securities law applies.
 
 
 19
 The defendants argue that California law applies and that they could rescind any agreement to purchase because a "notice of exemption" had not been filed in California when the stock was sold.[1]
 
 
 20
 The plaintiff argues that Utah securities law applies. Utah does not require such a filing for stock to be exempt from registration.
 
 
 21
 Utah has adopted a version of the Uniform Securities Act. The territoriality provisions of the Act[2] define when the statute of a particular state applies to any given securities transaction, without regard to whether the statute of some other state might also apply. See, Comments 2 & 3 to the Uniform Securities Act § 414, 7B U.L.A. 509 (1985). Professor Loss, who drafted the Act, found nothing illogical in applying the laws of more than one state to any given multi-state securities transaction. Loss, The Conflict of Laws and the Blue Sky Laws, 71 Harv.L.Rev. 209, 225 n. 50 (1957), reprinted in 1 L. Loss, Securities Regulation 67 (2d Ed. 1961).
 
 
 22
 Thus, a "choice of law" is not necessarily required when the two state's laws differ. "[S]o long as there is some territorial nexus to a particular transaction, the laws of two or more states may simultaneously apply ... There is nothing inconsistent in trying a securities case on multiple theories, and determining liability under each statute that is applicable, so long as the plaintiff is prevented from multiple recoveries." Lintz v. Carey Manor Ltd., 613 F.Supp. 543, 550-51 (D.Va.1985).
 
 
 23
 One commentator gives this hypothetical to show how two states' laws may be reconciled:
 
 
 24
 "A security is issued from state X and purchased in state Y. This particular security transaction is illegal in state Y but is not illegal in state X. Again, the failure of state X to outlaw this particular transaction should not be viewed as a statement of approval. State Y's determination to outlaw this transaction should not be frustrated through a conflict of laws analysis. The victimized investor in state Y should be afforded the remedy granted by state Y despite the fact that the issuer operated out of state X."
 
 
 25
 McClard, The Applicability of Local Securities Acts to Multi-State Securities Transactions, 20 U.Rich.L.Rev. 139 (1985).
 
 
 26
 Courts have held that failure to register stock in a state where it is sold will allow the purchaser to rescind the sale under that state's law, even if the security is registered elsewhere. E.g., Kreis v. Mates Investment Fund, 473 F.2d 1308 (8th Cir.1973). Similarly, failure to obtain a notice of exemption in California will allow a purchaser there to rescind the sale, even though Utah does not require such a notice.
 
 
 27
 The plaintiff's other state law claims must fail if the sale is unlawful under California law.
 
 
 28
 Of course, federal law governs the plaintiff's 10(b)-5 claim. However, where the alleged fraud is a promise to buy stocks whose offer or sale in California was unlawful, that claim must likewise fail.
 
 Recommendation
 
 29
 The magistrate recommends that the defendants be granted summary judgment.
 
 
 30
 In view of this recommended disposition, we have not reached issues raised by the defendants' motion to strike or the plaintiff's motion to compel discovery.
 
 
 31
 Copies of this Report and Recommendation are being mailed to the parties, who are hereby notified that they must file any objections within ten (10) days of receipt.
 
 BY THE COURT:
 
 32
 /s/ Calvin Gould
 
 United States Magistrate
 
 33
 EXHIBIT "B"
 
 
 34
 The District Court's April 18, 1988 Summary Judgment
 
 Awarding Rescission to the Bartolinis
 EXHIBIT B
 J. MICHAEL HANSEN, Esq. (# 1339)
 CHARLES P. SAMPSON, Esq. (# 4658)
 
 35
 of and for
 
 SUITTER AXLAND ARMSTRONG & HANSON
 Attorneys for Defendants
 700 Clark Leaming Office Center
 175 South West Temple
 Salt Lake City, Utah 84101-1480
 Telephone: (801) 532-7300
 
 36
 IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
 
 CENTRAL DIVISION
 
 37
 Dillon Securities, Inc., a Washington state corporation, Plaintiff,
 
 
 38
 vs
 
 
 39
 Frank J. and Cheryl Bartolini, Defendants.
 
 
 40
 ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND
 
 
 41
 DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE
 
 Case No. C-86-1097S
 April 19, 1988
 
 42
 Plaintiff's Objection to the Report and Recommendation of the Magistrate came on regularly for Hearing before the above-entitled Court, the Honorable David Sam presiding, on Tuesday, April 5, 1988 at the hour of 1:00 p.m. Plaintiff was represented by and through its counsel of record, John Michael Coombs, Esq. Defendants were represented by and through their counsel of record, J. Michael Hansen, Esq. Based upon the Memoranda, Affidavits and arguments of counsel, and being fully advised in the premises,
 
 The Court hereby finds:
 
 43
 1. There exists a sufficient territorial nexus to apply the provisions of the California Corporations Code to this transaction.
 
 
 44
 2. It is undisputed that Dillon Securities, Inc.'s sale of American Technology Corporation stock to the defendants Bartolini is defined "non-issuer transaction" under California Corporations Code Section 25011.
 
 
 45
 3. California Corporations Code Section 25130 provides that "[i]t is unlawful for any person to offer or sell any security in this state in any non-issuer transaction unless it is qualified for such sale under this chapter ... or unless such security or transaction is exempted under Chapter 1 (commencing with § 25100) of this part."
 
 
 46
 4. The California Corporations Code defines "offer" or "offer to sell" as including "every attempt or offer to dispose of, or solicitation of an offer to buy, a security or interest in a security for value." See California Corporations Code § 25017(b).
 
 
 47
 5. As of March 6, 1986, the date of the transaction at issue in the case at bar, American Technology Corporation common stock had not been "qualified" to be sold in California under the provisions of the California Corporations Code.
 
 
 48
 6. The central issue before the Court on the Cross-Motions for Summary Judgment was whether Dillon Securities, Inc. is correct in its assertion that the sale of American Technology Corporation common stock was subject to the "unsolicited order or offer to buy" exemption provided by California Corporations Code Section 25104(b).
 
 
 49
 7. The "You're On the Line" television program with its invitation to telephone Dillon Securities amounted to a solicitation as a matter of law for the following reasons:
 
 
 50
 (a) The television program broadcast from a Los Angeles station and featuring Woody Norris, the President of American Technology Corporation, was not an independent broadcast but rather a paid television broadcast financed by American Technology Corporation.
 
 
 51
 (b) Without informing the viewer he would be telephoning a broker or a market maker for American Technology Corporation, the program invited the viewer to call a toll-free number that resulted in his being subjected to a sale of American Technology Corporation stock.
 
 
 52
 (c) The sales pitch of Dillon Securities, made by Dillon's employee and agent, contained several representations upon which, in conjunction with the "You're On the Line" television program information, defendant Frank Bartolini relied to make an immediate purchase of stock.
 
 
 53
 8. Having concluded that the American Technology Corporation common stock was not properly registered for sale in California and did not come within any of the exemptions under the California Corporations Code, the Court concludes that the sale of the American Technology Corporation common stock by Dillon Securities, Inc. to the defendants Bartolini was illegal and that the Bartolinis are entitled to rescind their offer to purchase.
 
 
 54
 In view of the foregoing, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:
 
 
 55
 1. The recommendation of the Magistrate be, and the same hereby is, adopted.
 
 
 56
 2. The Motion of defendants Frank J. and Cheryl Bartolini for Summary Judgment be, and the same hereby is, granted as to all Counts of plaintiff's Complaint.
 
 
 57
 3. Plaintiff's Complaint be, and the same hereby is, dismissed with prejudice and on the merits.
 
 BY THE COURT:
 
 58
 /s/ DAVID SAM
 
 District Judge
 
 59
 cc: attys 4/21/88: dp
 
 
 60
 John Michael Coombs, Esq.
 
 
 61
 J. Michael Hansen, Esq.
 
 
 
 *
 This Order and Judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Under California law, "[i]t is unlawful for any person to offer or sell any security in [California] in any nonissuer transaction" unless the security is qualified for sale or exempted. Cal.Corp.Code § 25130. The ATC stock has not been qualified for sale in California. See, Certificate of Search of the California Department of Corporations
 The following securities are exempt:
 (a) Any security issued by a person which is the issuer of any security listed on a national securities exchange certified by rule or order of the commissioner.
 (b) Any security ... exempt from registration ..., if in any such case, there has been filed with the commissioner a notice in such form as the commissioner shall specify by rule ...
 Cal.Corp.Code § 25101 (emphasis added).
 The plaintiff does not argue that subsection (a) would apply. A "Notice of Exemption" under subsection (b) was filed on April 16, 1986, but that notice would not be effective for an offer made more than a month before, on March 6, 1986. See, Certificate of Search.
 
 
 [2]
 California has a similar territoriality provision, which states:
 (a) An offer or sale of a security is made in this state when an offer to sell is made in this state, or an offer to buy is accepted in this state ...
 (b) An offer to sell or to buy is made in this state when the offer ... originates from this state.... An offer to buy or sell is accepted in this state when acceptance is communicated to the offeror in this state ...
 Calif.Corp.Code § 25008.
 California has an adequate nexus with this transaction either because Bartolini made an offer to buy that originated in California or because the plaintiff made an offer to sell that was accepted in California.
 Utah deleted the portion of the Uniform Act which includes an offer to buy or sell that "originates from this state." Utah Code Ann. § 61-1-26(3) (Supp.1985). Arguably, Utah only intends to regulate securities sold within its borders. McClard, Local Securities Acts, infra, n. 25.